In the Matter of Villeré.

## No. 8299.

### IN THE MATTER OF OMER VILLERÉ PRAYING FOR RULE AGAINST THE CLERK OF THIS COURT.

The graduates of the Law Department of the University of Louisiana must obtain a license from the Supreme Court, before they are admitted to practice, as attorneys-at-law, in any court of the State. Section 112 of the Revised Statutes does not make their diploma the equivalent of a license; and they are liable to the Clerk of this Court, under section 756, Revised Statutes, for his fee of $10, for a certificate of admission. In the present case, the applicant having been admitted to practice in all the courts of the State, by order of this Court, the object of the required license has been fulfilled, and such order is equivalent thereto.

*Omer Villeré*, Plaintiff, *propria persona.*

*George W. Dupré*, Clerk of this Court, Defendant, *propria persona.*

The opinion of the Court was delivered by

TODD, J. On the 18th of May, 1880, Omer Villeré, the plaintiff in the rule, appeared before this Court and exhibited his diploma as a graduate of the Law Department of the University of Louisiana, and upon motion of Albert Voorhies, Esq., it was ordered by the Court that he, said Villeré, be admitted to practice in the several courts of this State; that thereupon the oath prescribed for attorneys and counsellors at law was administered to him, and an entry of the said proceeding was made upon the minutes of the Court. After this order was rendered, the plaintiff in the rule registered his name upon the roll of attorneys.

The Clerk of this Court subsequently erased his name from this roll, whereupon this proceeding was instituted by Mr. Villeré to compel the clerk to re-inscribe his name thereon.

The Clerk, in his answer, admits the facts as stated, but resists the rule upon the ground that the mover had not taken out the certificate prescribed by section 756 of the Revised Statutes, and was not, therefore, legally entitled to have his name registered upon the roll of attorneys. We presume that the provision of the section named, to which the Clerk refers, is the one requiring the payment of ten dollars to the clerk "for every certificate of admission of any attorney or counsellor at law."

The question presented by this proceeding is whether the plaintiff in the rule is entitled to have his name registered on the roll of attorneys under the circumstances stated; and this incidentally involves the additional question as to who, under the laws of this State, are authorized to practice the profession of the law, and to be enrolled and recognized in the courts of the State as attorneys at law.

The first section of Act of 1855, p. 121, now constituting section 111 of the Revised Statutes, provides:

"Any citizen of the United States possessing the qualifications (except that of residence), necessary to constitute a legal voter, shall be admitted to practice as an attorney in any court of this State, *upon obtaining a license from the Supreme Court of this State.*"

The second section of the same act, now comprising sections 112 and 113 of the Revised Statutes, defines the power of the Supreme Court in this respect, and limits its authority to grant such licenses to the following cases:

1. "To all graduates of the Law Department of the University of Louisiana who shall produce evidence of good character."

2. To those who have been licensed in any other State, or are graduates of any law school therein, of good character, and have been found qualified to practice in the courts of this State, after an examination in open court.

3. "When the applicants shall have been found qualified to practice law in the courts of this State, by an examination before the Supreme Court, according to such rules and regulations as they may adopt from time to time."

There is also another provision authorizing any one judge of the Supreme, or any two judges of the District Court, to grant licenses to those previously licensed in other States, upon proof of good character and after a satisfactory examination before such judge or judges.

It is very certain that a license under some one of these provisions is absolutely essential to enable any one to practice law in this State, and to be enrolled as an attorney.

The plaintiff in the rule seems, however, to base his application against the Clerk mainly, if not solely, on his diploma from the Law Department of the University, and urges in his brief that he produced this diploma to the Clerk when requesting the reinscription of his name on the roll. It is true that, under an act passed in 1855, p. 417, and now known as section 127 of the Revised Statutes, to which we are referred, it is provided "that the degree of bachelor at law conferred by the Administration of the University of Louisiana shall authorize the persons on whom it is conferred to practice law in this State."

This last act must, however, be construed and considered in connection with the other provisions of law above cited. In point of fact, these acts, as separate acts, have all been repealed by the repealing clause of the act of the 14th of March, 1870, adopting the Revised Statutes, which act, however, readopted them as sections of these Statutes; and these provisions may now be regarded as one act, or as different sections of the same act. Thus regarding them, the Court

must construe them together as a whole, and so construe them as to harmonize any seeming conflicts in the different parts or sections, so as to give effect, if possible, to each and every one of the same. Adopting this mode of construction, we take the plain meaning of the entire act, of all the sections, to be this:

That the graduates of the law school or Law Department of the University of Louisiana are entitled to a license to practice law and to receive such license from the Supreme Court of the State; that the Court is authorized and empowered to grant the license upon the presentation of the diploma and proof of good character, and without examination. To say that the diploma of the law school is the equivalent of a license, and of itself entitles the party to practice law without any action of the Court or proceeding before it, would entirely nullify that clause of the law which expressly designates the graduates of the law school, by name, as a class of persons entitled to receive their license from the Supreme Court, and render the granting of such license by the Court a vain thing and a meaningless ceremony.

In regard to the certificates of admission provided for in section 756, which the clerk is authorized to issue, and for which his fee is prescribed, there is no provision of the law that renders this requirement inapplicable to any class of persons entitled to be licensed or admitted to practice.

In the present case, however, the minutes of the Court, to which we have referred, show that the proper order was rendered by this Court admitting the plaintiff in this rule to practice in all the courts of this State. This order is, in effect, the license contemplated by law; and, in addition to this, as shown, he has taken the prescribed oath. To secure the recognition of his license or admission to practice, he has only to produce a certified copy of this entry, or obtain from the clerk a more formal certificate of admission to the Bar, as prescribed in the section (756) referred to.

However this may be, and without deciding what mode the clerk should adopt to secure the fee provided by the section referred to, in this case, we conclude that, as the plaintiff in the rule, Omer Villeré, has already obtained from this Court a license to practice law in the several courts of this State, by virtue of an order duly recorded on its minutes, and having taken the oath prescribed, he is entitled to have his name registered on the roll of attorneys and counsellors at law, without further condition or proceeding.

The rule is, therefore, made absolute.